AIRCOACH TRANSPORT ASSOCIA-
TION, Inc., Petitioner,

v.

CIVIL AERONAUTICS BOARD,
Respondent.

No. 14140.

United States Court of Appeals
District of Columbia Circuit.

Argued April 8, 1958.

Decided May 8, 1958.

Mr. Albert F. Beitel, Washington, D. C., with whom Mr. John H. Pratt, Washington, D. C., was on the brief, for petitioner.

Mr. William J. Dixon, Atty., Civil Aeronautics Board, with whom Messrs. Franklin M. Stone, Gen. Counsel, Civil Aeronautics Board, John H. Wanner, Associate Gen. Counsel, Civil Aeronautics Board, O. D. Ozment, Asst. Gen. Counsel, Litigation and Research, Civil Aeronautics Board, Morris Chertkov, Ulrich V. Hoffmann, Attys., Civil Aeronautics Board, and Daniel M. Friedman, Atty., Dept. of Justice, were on the brief, for respondent.

Before WASHINGTON, BASTIAN and BURGER, Circuit Judges.

BASTIAN, Circuit Judge.

Petitioner, Aircoach Transport Association, Inc., is a cooperative association of approximately twenty-five air carriers. These carriers (and not petitioner) transport passengers and property on what are known as supplemental and infrequent schedules. Purporting to act on behalf of its members, petitioner filed with the Civil Aeronautics Board (Board) a petition to rescind § 42.6 of Part 42 of the Civil Air Regulations. None of the air carrier members was joined.

Under § 604 of the Civil Aeronautics Act (52 Stat. 1010, 49 U.S.C.A. § 554), persons desiring to operate as an air carrier must apply for an air carrier operating certificate. The Board, in § 42.5(a) of the Civil Air Regulations, has provided for the issuance of air carrier operating certificates by the Administrator of Civil Aeronautics to properly qualified persons. All the supplemental carriers which are members of petitioner have been issued air carrier operating certificates. All, so far as the record shows, are in good standing.

Section 42.6 of the Regulations, adopted June 28, 1950, provides as follows:

"(a) An air carrier operating certificate issued under this part, shall expire one year from date of issuance thereof, unless such certificate is renewed by the Administrator or such certificate has been sooner surrendered, suspended, or revoked.

"(b) The Administrator shall renew an air carrier operating certificate if, upon inspection and examination, he finds that the air carrier meets the current requirements of the regulations in this subchapter for issuance of any such certificate. Evidence of renewal of air carrier operating certificates issued subsequent to July 1, 1950, shall be made a part of the air carrier operating certificate in such form and manner as the Administrator may prescribe.

"(c) Application for renewal of an air carrier operating certificate shall be made no later than 60 days prior to the expiration thereof, and shall be made in the form and manner prescribed by the Administrator."

Some five years and more after § 42.6 was adopted by the Board, the Administrator refused to renew the operating certificate of one of the members of the association (United States Overseas Airlines) and a controversy resulted, which

was finally determined; and the renewal certificate was issued. No other controversy involving this section has arisen up to the present time and none is pending.

However, petitioner, presumably to avoid future controversy, filed its petition before the Board demanding rescission of or amendment to the regulation on the ground that it does not specifically provide for a hearing and decision by the Board where the Administrator refuses to renew. The petition was denied by the Board on the ground, among others, that the Administrator is charged with the matter of *renewal* of operating certificates, as distinguished from suspension or revocation thereof, and that the regulation does not preclude a hearing, which will be provided whenever legally required. After the denial of a petition for reconsideration, the present petition was filed in this court.

The petition to review asks that this court now determine that § 42.6 is invalid and, upon such determination, to direct the Board either to rescind the section or to adopt a regulation which is clear, reasonable and in conformity with the Constitution of the United States and with the Civil Aeronautics Act.

We pass, without deciding, the question as to the standing of petitioner, without the joinder of the individual carriers or some one or more of them, to invoke the jurisdiction of the court, since the petition must be dismissed on another ground.

As of the present time, as has been stated, no action has been taken or threatened which would have a sufficiently adverse impact or effect upon the carriers to invoke any reviewing jurisdiction which this court may possess. It therefore appears that there is no justiciable issue for determination by this court. Certainly there is nothing in the regulation which of itself at this time adversely affects petitioner or its member carriers. Any rights which might be affected adversely depend upon future administrative action.[1] Certainly no justiciable issue exists at the present time; and, in effect, the court is asked for an advisory opinion. See Eccles v. Peoples Bank, 1948, 333 U.S. 426, 68 S.Ct. 641, 92 L.Ed. 784; Rochester Telephone Corp. v. United States, 1939, 307 U.S. 125, 130, 59 S.Ct. 754, 83 L.Ed. 1147.

The petition for review will be and is

Dismissed.

---

1. See *California Oregon Power Co. v. F.P.C.*, 1956, 99 U.S.App.D.C. 263, 270, 239 F.2d 426, 433.